# PARKER,
### *Appellant,*
### *v.*
# RICHARDS,
### *Respondent.*

## (No. 78-702, CA 13146)

602 P2d 1154

[455]

Maurice V. Engelgau, Coquille, argued the cause for appellant. With him on the briefs was Walter B. Hogan, Coquille.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief was John P. Conley, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

In this equity suit the plaintiff has filed a three-count complaint against the personal representative of her stepmother's estate seeking a decree: (1) that her stepmother entered into an enforceable agreement with her father to make a will leaving one-half of the stepmother's estate to the plaintiff; or (2) that the plaintiff's father's will created an express trust with the stepmother as trustee and that the plaintiff is entitled to one-half of the stepmother's estate as beneficiary under the trust; or (3) that the stepmother's conduct created a resulting trust in favor of the plaintiff as a ten percent minority stockholder of the Geo. W. Bryant Logging Co., Inc., and plaintiff was entitled to ten percent of that portion of the stepmother's estate traceable to the assets of the corporation. The trial court awarded the plaintiff an undivided one-half interest in 160 acres of land, the title to which was still vested in her father on the stepmother's death. The balance of the relief sought by the complaint was denied. The plaintiff has appealed. We affirm.

George W. Bryant and Leona G. Bryant were married in 1928. The plaintiff is George W. Bryant's child by a previous marriage. There were no children born to Leona G. Bryant. On July 8, 1940, the Bryants each executed an individual will, with both wills prepared by the same lawyer. On the same date George W. Bryant gave Leona G. Bryant 45 percent and the plaintiff 10 percent of the outstanding stock in the Geo. W. Bryant Logging Co., Inc. On November 11, 1940, George W. Bryant died at the age of 53. His will was admitted to probate and his widow appointed the executrix. The real and personal property of the estate was appraised at the total sum of $20,136.[1]

---

[1] In addition to the property appraised in the estate, the Bryants owned some real property as tenants by the entirety. There was testimony that on the date of George W. Bryant's death Leona G. Bryant's personal net worth was $37,803. The gift of 45 percent of the stock in Geo. W. Bryant Logging Co., Inc., to Leona G. Bryant on July 8, 1940, gave her 90 percent ownership of that corporation.

[457]

George W. Bryant's last will and testament provided in pertinent part:

## "II

"I have heretofore given and transferred to my daughter, Isabelle Parker, stock of the Geo. W. Bryant Logging Co., which I value at Five Thousand Dollars, or more, as an advance on my estate, which said advance shall not be considered as any part of any other provisions made for her in this will.

## "III

"All the rest, residue and remainder of my estate of every kind, nature and description, whether real, personal, mixed or in expectancy, and wheresoever situated, I give, devise and bequeath unto my beloved wife, Leona G. Bryant, for her full and free use, occupation and enjoyment as long as she shall live, with full power of sale, transfer and disposition, without order of any Court, and at her death, any of the property of my estate, or any amounts derived from the sale, transfer or disposition thereof, which shall then remain, I give, devise and bequeath as follows:

"(a) To my daughter, Isabelle Parker, one-half of any such remaining property, * * * "

## "IV

"I hereby authorize my said Executrix to manage my said estate the manner she shall deem most advantageous for the preservation thereof for herself and the other beneficiaries who will take after her death, and hereby authorize her to sell any portion of said property whether at public or private sale as she shall deem to be for the best interests of said estate and without applying to any Court for an Order to sell same, hereby expressing the desire that she may use, occupy and enjoy the same to the fullest."

Leona G. Bryant reported her inheritance to the State Treasurer as a "Life Estate" and the plaintiff's as a "Reversion, 1/2 Estate." However, in practice, Leona G. Bryant dealt with all the estate property as her own. She caused the Geo. W. Bryant Logging Co., Inc., to be dissolved in July 1941. This was without

otice to the plaintiff as a minority stockholder. At the same time she caused the property of the corporation to be transferred to her as an individual.

Leona G. Bryant died in January 1978 at the age of 1 years. Her last will and testament, dated December 6, 1968, was admitted to probate. It did not name the laintiff as a legatee or devisee. The estate was appraised for a sum in excess of $900,000. No instrument urporting to be a will of Leona G. Bryant dated July , 1940, was found.

It is the plaintiff's position under count one of her mplaint that on July 8, 1940, George W. Bryant and eona G. Bryant entered into a contract to execute utual wills which would require Leona G. Bryant to evise and bequeath one-half of her estate to the laintiff. The plaintiff also contends that the will of eona G. Bryant, executed on that date, contained rovisions reciprocal to those in George W. Bryant's ill quoted above.

The plaintiff contends that the contract can be ferred from the will of George W. Bryant and from a ries of letters from Leona G. Bryant to the plaintiff the plaintiff's husband. The following are excerpts om copies of letters found in Leona G. Bryant's rsonal effects after her demise:

October 18, 1941. "You speak of a future share in the estate, this is as it should be, and if there is anything left when I get thru', you are to get your share, as my will reads the same as your dad's regarding this, as I did not believe it should be otherwise."

January 5, 1942. "The way we meant our wills to read was the [sic] whichever of us was left would have what the other party left to do with as he or she saw fit, if there was anything left after his or my death, it was preovided [sic] for you and your children or the brothers and sisters."

February 2, 1943. (to plaintiff's husband) "If I had passed away first and George had anything left, then it was to be divided between my people and Isabelle."

The trial court found that George W. Bryant and Leona G. Bryant made wills at the same time and:

"[E]ach was aware of the terms of the other's will, and the two dovetailed into a plan to split any residue, after the survivor died, equally between his family and hers.

\* \* \*

I am unable to find satisfactory proof that the Bryants entered into a contract to make these wills which would bind Mrs. Bryant to convey her estate in that exact pattern.

\* \* \*

Assuming that Mrs. Bryant's original will was exactly reciprocative of her husband's will, \* \* \* , the inept mechanics used made it amount to no more than mutual expressions of then intent, and I cannot find any contract that would bind Mrs. Bryant to convey half of her estate to her stepdaughter."

When two people execute mutual and reciprocal wills, that act alone does not establish that they were acting in accordance with a binding agreement to do so. *American Nat'l Red Cross v. Wilson*, 274 Or 237, 240, 545 P2d 883 (1976), citing *Patecky v. Friend et al*, 220 Or 612, 350 P2d 170 (1960), and *Taylor v. Wait*, 140 Or 680, 14 P2d 283 (1932).

*American Nat'l Red Cross v. Wilson, supra,* 274 Or at 240, quotes from 1 Page, Law of Wills 554, § 11.1 (Bowe-Parker revision 1960):

" \* \* \* The sole fact, standing alone, that two wills were executed at or near the same time and bear similar provisions should in no way give rise to a presumption or an inference that they were made pursuant to a contract."

We agree with the trial court's conclusion that there was no contract which would bind Leona G. Bryant to convey one-half of her estate to the plaintiff. At most plaintiff has proved a past intention. Plaintiff has not proved the mutual assumption of a contractual obligation. *American Nat'l Red Cross v. Wilson, supra.*

As an alternative cause of suit the plaintiff, in count two of her complaint, alleged that George W. Bryant's will created an express trust wherein the plaintiff "was to receive one-half of any remaining property of * * * George W. Bryant, or any amounts derived from the sale, transfer or disposition thereof, which was in the possession or in the control of Leona G. Bryant at the time of her death" and which was believed to be 50 %[2] of the estate of Leona G. Bryant."

The plaintiff argues that Article III of George W. Bryant's will created an express trust. That article, stripped of the surplus verbiage, reads:

"All the *** remainder of my estate * * * I give * * * unto * * * my wife * * * for her * * * use, * * * as long as she shall live, with full power of sale * * * , and at her death, any of the property of my estate, or any amounts derived from the sale * * * thereof, which shall then remain, I give * * * [t]o my daughter, Isabelle Parker, one-half of any such remaining property, * * * ."

We do not reach the question of whether or not the above provision creates an express trust as the plaintiff has been unable to trace any of the funds from the George W. Bryant estate to the Leona G. Bryant estate. The plaintiff on appeal is claiming a trust only as to the personal property which Leona G. Bryant received from the George W. Bryant estate.[3] The final account filed in March 1945 states that all the personal property had been reduced to cash and that there was $15,920 on hand to distribute under the will. There is no proof that any of the $15,920 remained until 1978 to become a part of the estate of Leona G.

[2] On trial the plaintiff had a certified public accountant testify that the cash from George W. Bryant's estate contributed 29.6 percent of Leona Bryant's net worth. The plaintiff argues that the plaintiff is entitled to one-half of that percentage, or 14.8 percent of the assets of Leona G. Bryant's estate.

[3] The trial court awarded the plaintiff an undivided one-half interest in acres of real property which was still vested in the name of George W. Bryant at the death of Leona G. Bryant. This was the only real property in George W. Bryant estate.

[461]

Bryant or that any of it was used to purchase any particular asset that could be traced to that estate.

Under count three of the plaintiff's complaint she claims that a resulting trust should be impressed upon ten percent of that portion of the assets of the Leona G. Bryant estate traceable to the assets of the Geo. W. Bryant Logging Co., Inc. The plaintiff contends that in July 1941, Leona G. Bryant wrongfully dissolved the corporation and transferred its real and personal property to herself as an individual, thereby depriving the plaintiff of her interest as a ten percent minority stockholder. To this count the defendant has pleaded laches.

> "Another well-recognized rule is that in cases of this kind courts of equity act by analogy to the statutory limitations of actions at law, and hold that when suit is brought within the time fixed by the analogous statute the burden is on the defendant to show the existence of the circumstances amounting to laches, whereas, if the suit is brought after the statutory time, plaintiff must plead and prove that laches does not exist." *McIver v. Norman*, 187 Or 516, 545, 205 P2d 137, 213 P2d 144 (1949).

The analogous statute of limitations in this case for the transfer of the personal property from the corporation to Leona G. Bryant is ORS 12.080(4) providing that actions for conversion must be brought within six years after the accrual of the cause of action. The analogous statute of limitations for the recovery of real property is ORS 12.050 providing that the action must be brought within ten years. Therefore, the burden was on the plaintiff to plead and prove that laches did not exist. The plaintiff failed to carry this burden.

Affirmed.